# EXHIBIT A

### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the
Office of Judicial Records
09 DEC 2020 02:46 pm
A. SILIGRINI*

WESTFIELD INSURANCE COMPANY
1 Park Circle
Westfield Center, OH  44251

      v.

PKMA, INC. d/b/a REMO RESTAURANT EQUIPMENT
a/k/a REMO RESTAURANT EQUIPMENT, LLC
133 West Main Street
Norristown, PA  19401

SOVANA BISTRO, INC.
696 Unionville Pike, Suites 1 & 2
Kennett Square, PA  19348

FARRELL SOVANA, INC.
696 Unionville Pike
Kennett Square, PA  19348

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

**10-284**

Case ID: 201200326

LAW OFFICES OF ROBERT A. STUTMAN, P.C.
Daniel Hogan, Esq. (ID No. 84855)
Jonathan B. Acklen, Esq. (ID No. 93302)
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
Tel: 215-283-1177
Fax: 215-283-1188
hogand@stutmanlaw.com
acklenj@stutmanlaw.com
*Attorneys for Plaintiff*

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY<br>One Park Circle<br>Westfield Center, OH  44251 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff, | CIVIL ACTION LAW |
| v. | Case No.: |
| PKMA, INC. d/b/a REMO<br>RESTAURANT EQUIPMENT a/k/a<br>REMO RESTAURANT EQUIPMENT,<br>LLC<br>133 West Main Street<br>Norristown, PA  19401 | **JURY TRIAL DEMANDED** |
| and | |
| SOVANA BISTRO, INC.<br>696 Unionville Pike<br>Suites 1 & 2<br>Kennett Square, PA  19348 | |
| and | |
| FARRELL SOVANA, INC.<br>696 Unionville Pike<br>Kennett Square, PA  19348 | |
| Defendants. | |

## COMPLAINT

Plaintiff, Westfield Insurance Company, by and through its undersigned counsel, by way of Complaint against Defendants, PKMA, Inc. d/b/a Remo Restaurant Equipment a/k/a Remo Restaurant Equipment, LLC, Sovana Bistro, Inc., and Farrell Sovana, Inc., avers as follows:

## PARTIES

1.      Plaintiff, Westfield Insurance Company ("Westfield"), is a corporation domiciled in the State of Ohio with a principal place of business at One Park Circle, Westfield Center, OH 44251-5001.  At all times material hereto, Westfield was licensed to issue insurance policies in the Commonwealth of Pennsylvania.

2.      Defendant, PKMA, Inc. d/b/a Remo Restaurant Equipment a/k/a Remo Restaurant Equipment, LLC ("Remo"), is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 133 West Main Street, Norristown, Pennsylvania  19401.

3.      Defendant, Sovana Bistro, Inc. ("Sovana"), is a corporation organized and existing under laws of the Commonwealth of Pennsylvania with its principal place of business located at 696 Unionville Pike, Suites 1 & 2, Kennett Square, Pennsylvania 19348.

4.      Defendant, Farrell Sovana, Inc. ("Farrell"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 696 Unionville Road, Kennett Square, Pennsylvania 19348.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in Pennsylvania under 42 Pa. C.S.A. §5301 because all parties reside in Pennsylvania and the cause of action arose in Pennsylvania.

Case ID: 201200326

6.     At all times material hereto, upon information and belief, Remo regularly conducted business throughout Philadelphia County.

7.     At all times material hereto, upon information and belief, Remo had extensive and regular business contacts and regularly, systematically, and continuously transacted business and related activities in Philadelphia County, Pennsylvania, including but not limited to advertising and selling restaurant supplies throughout Philadelphia County.

8.     Remo has previously submitted to the venue and jurisdiction of Philadelphia County.

9.     Venue for this action is properly laid in Philadelphia County, Pennsylvania under the applicable rules given Remo's regular, systematic, and continuous business interactions and related activities in Philadelphia County, Pennsylvania and previous submission to the venue and jurisdiction of Philadelphia County, Pennsylvania. *See* Pa.R.Civ.P. 1006(b), 1006(c)(1), and 2719.

## FACTUAL BACKGROUND

10.     At all times material hereto, Westfield was duly authorized to issue policies of insurance within the Commonwealth of Pennsylvania and did issue a policy of insurance to Willowdale Town Center, Inc. ("Willowdale"), pursuant to policy number CWP 0 769 151.

11.     At all times material hereto, Willowdale owned and operated a shopping center known as The Willowdale Town Center (the "Town Center").

12.     At all times material hereto, Westfield insured the real and personal property owned by Willowdale including but not limited to a commercial building (the "Building") located within the Town Center at 696 Unionville Road, Kennett Square, Pennsylvania 19348.

13.     At all times material hereto, Sovana and Farrell owned and operated a restaurant and food service business (the "Restaurant") located within the Building.

3

14.     At all times material hereto, the Restaurant utilized commercial cooking equipment ("Cooking Equipment") that was to be protected by an automatic fire-extinguishing system and its attendant exhaust system (the "Suppression System").

15.     At all times material hereto, the commercial Cooking Equipment and Suppression System within the Restaurant were owned, operated and controlled by Sovana and Farrell.

16.     Prior to January 2, 2020, Sovana and Farrell purchased a refrigeration/freezer unit (the "Freezer") from Remo to be installed below a flat top grill (the "Grill") located in the kitchen of the Restaurant.

17.     On or about January 2, 2020, Remo, by and through its agent, employee, or other individual acting on its behalf, installed the Freezer below the Grill in the kitchen of the Restaurant in the manner and configuration seen here:



The Grill

Grill operational knob left in "on" position

Freezer

18.     The Grill, under which the Freezer was installed, was located in the kitchen of the Restaurant in an area that was required to be protected by the Suppression System.

4

19.     In order to install the Freezer, Remo, by and through its agent, employee, or other individual acting on its behalf, disconnected and reconnected the Grill, including its gas fuel lines.

20.     Following the installation of the Freezer, Remo, by and through its agent, employee, or other individual acting on its behalf, turned the operational knob for the Grill to the "on" position thereby causing the Grill to produce flames and heat.

21.     Upon information and belief, Remo, by and through its agent, employee, or other individual acting on its behalf, failed to turn the operational knob for the Grill to the "off" position before leaving the Restaurant on January 2, 2020.

22.     Upon information and belief, Sovana and Farrell, by and through their agents, employees, or other individuals acting on their behalf, failed to turn the operational knob for the Grill to the "off" position before leaving the Restaurant on January 2, 2020.

23.     On or about January 3, 2020, heat and flames from the unattended, operating Grill ignited combustible materials on or in the area of the Grill, but the Suppression System did not properly operate or extinguish the fire.

24.     Consequently, the incipient fire was able to spread from the Grill to the Building and its contents.

25.     The Suppression System did not operate because it was deficient, unsafe and not compliant with the Pennsylvania law.

26.     At all times material hereto, Sovana and Farrell failed to periodically inspect, test, maintain and service the Suppression System.

27.     Sovana and Farrell also failed to ensure that the Suppression System was cleaned and serviced in accordance with NFPA standards and applicable fire codes.

5

28.     Sovana and Farrell caused and/or otherwise permitted the Suppression System's nozzles to be insufficient in number, positioned incorrectly, clogged with grease and unable to provide the required protection over the Cooking Equipment within the Restaurant, including but not limited to the Grill.

29.     As a direct and proximate result of the conduct of Remo, Sovana and Farrell, the fire occurred, spread and caused damage to the business and property of Willowdale in an amount in excess of local arbitration limits.

30.     Pursuant to the policy of insurance issued by Westfield to Willowdale, Westfield paid to or on behalf of Willowdale an amount in excess of local arbitration limits for its losses and has become legally, equitably and contractually subrogated to the rights of Willowdale to the extent of such payments.

<u>COUNT I</u>
<u>NEGLIGENCE-</u>
<u>PLAINTIFF v. PKMA, INC. d/b/a REMO RESTAURANT EQUIPMENT</u>
<u>a/k/a REMO RESTAURANT EQUIPMENT, LLC</u>

31.     The preceding paragraphs of Plaintiff's Complaint are hereby incorporated by reference as though fully set forth herein.

32.     Remo had a duty to install the Freezer in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

33.     Remo had a duty to operate, disconnect and/or reinstall the Grill in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

34.     Remo had a duty to exercise reasonable care in connection with its training of its employees, agents, or other individuals acting on its behalf, to ensure that ovens, grills and similar cooking appliances, are turned off before completing its work so as not to create a fire hazard.

6

35.    Remo had a duty to install the Freezer in a manner consistent with the standard of care within the kitchen appliance installation industry.

36.    Remo, individually and by and through any separate and respective agents, servants, workmen, employees, and/or contractors, was careless and/or negligent in:

a)  Failing to perform the Freezer installation work at the Restaurant in a safe manner;

b)  Failing to perform the Freezer installation work at the Restaurant in a reasonable manner;

c)  Failing to properly install the Freezer such that the gas lines serving the Grill would be reconnected properly;

d)  Turning the Grill's operational knob to the "on" position and igniting a flame that was subsequently left unattended;

e)  Failing to warn or notify anyone, including but not limited to Sovana, that it would be disconnecting and reconnecting the Grill located above the Freezer;

f)  Failing to warn anyone, including but not limited to Sovana, that it would be turning the operational knob to the Grill to the "on" position;

g)  Igniting a flame on the Grill and then leaving it unattended;

h)  Failing to warn anyone, including but not limited to Sovana, that it ignited a flame on the Grill and left it unattended;

i)  Failing to turn the operational knob to the Grill to the "off" position before leaving the Restaurant;

j)  Failing to warn anyone, including but not limited to Sovana, that it did not turn the operational knob to the Grill to the "off" position before leaving the Restaurant;

k)  Failing to train its employees or agents the proper means and methods for installing kitchen appliances in a restaurant where cooking appliances would be required to be disconnected, reconnected, and turned on and off;

l)  Failing to inspect its work upon completion to ensure that no hazardous conditions had been created;

m)  Performing and furnishing kitchen appliance installation work in an inadequate, unsafe, and unreasonable manner;

7

n) Failing to install the Freezer in a manner consistent with the standard of care within the kitchen appliance installation industry;

o) Failing to operate or utilize the Grill in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property; and

p) Failing install the Freezer in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

37.     The acts and omissions of actions described in the preceding paragraphs were committed by Remo and its duly authorized agents, servants and employees, acting within the course and scope of their agency and/or employment.

38.     As a direct and proximate result of Remo's breaches of duty, a fire occurred at the Restaurant and caused extensive damage to the business and property of Willowdale in an amount in excess of local arbitration limits.

39.     The aforesaid acts and/or omissions were the foreseeable, proximate, and actual or substantial causes of the damages sustained by Plaintiff and Willowdale.

40.     In accordance with the terms and conditions of its insurance policy issued to Willowdale, Westfield has made payments to or on behalf of Willowdale in an amount in excess of local arbitration limits.

41.     By virtue of the payments made by Westfield to or on behalf of Willowdaleand in accordance with the terms of the Policy, Westfield is now legally and contractually subrogated to Plaintiff's Insured's rights as against Remo.

WHEREFORE, Plaintiff, Westfield Insurance Company, demands judgment in its favor and against Defendant, PKMA, Inc. d/b/a Remo Restaurant Equipment a/k/a Remo Restaurant Equipment, LLC, for damages in excess of local arbitration limits, together with costs of suit, damages for delay pursuant to Pa.R.C.P. 238 and all other damages and relief as this Honorable Court deems just and proper under the circumstances.

8

Case ID: 201200326

## COUNT II
## NEGLIGENCE-
## PLAINTIFF v. SOVANA BISTRO, INC.

42.     Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

43.     Sovana had a duty to operate and maintain the Restaurant, inclusive of its Cooking Equipment and Suppression System, in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

44.     Sovana had a common law and statutory duty to inspect, test, maintain and service the Suppression System pursuant to NFPA 17A and NFPA 96.

45.     Sovana had a duty to operate and maintain its Restaurant in a manner consistent with the standards of care within the restaurant industry.

46.     Sovana had a duty to operate or utilize the Grill in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

47.     Sovana had a duty to exercise reasonable care in connection with its training of its employees, agents, or other individuals acting on its behalf, to ensure that ovens, grills and similar cooking appliances, are turned off before leaving the Restaurant unattended.

48.     Sovana, individually and by and through any separate and respective agents, servants, workmen, employees, and/or contractors, was careless and/or negligent in:

    a)  Failing to operate the Restaurant in a safe manner;

    b)  Failing to operate the Restaurant in a reasonable manner;

    c)  Failing to operate the Restaurant in accordance with industry standards;

    d)  Operating the Restaurant in such a manner that created a hazard to Willowdale and other similarly situated persons;

9

e) Failing to inspect, test, maintain and service the Suppression System in a reasonable manner and in accordance with industry standards;

f) Failing to inspect, test, and maintain the Suppression System pursuant to statutory requirements and NFPA 17A and NFPA 96;

g) Failing to ensure that the Suppression System was cleaned and serviced in a reasonable manner and in accordance with industry standards;

h) Failing to ensure that the nozzles of the Suppression System, including but not limited to the nozzles protecting the area where the Grill was located, were in proper position and able to suppress an incipient fire originating on or near the Grill;

i) Moving and/or repositioning the nozzles of the Suppression System, including but not limited to the nozzles protecting the area where the Grill was located, such that the nozzles were not in proper position to suppress an incipient fire originating on or near the Grill;

j) Failing to ensure that the Grill was turned off prior to leaving the Restaurant unattended;

k) Failing to turn the operational knob to the Grill to the "off" position before leaving the Restaurant;

l) Failing to properly clean and maintain the Cooking Equipment, including the Grill, to prevent the build-up of grease;

m) Failing to properly instruct and train its employees or agents regarding the need to clean, inspect and maintain the Suppression System and Cooking Equipment;

n) Failing to properly instruct and train its employees or agents regarding proper restaurant closing procedures; and

o) Failing to operate the Restaurant or utilize space in the Building in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

49.    The acts and omissions of actions described in the preceding paragraphs were committed by Sovana and its duly authorized agents, servants and employees, acting within the course and scope of their agency and/or employment.

10

50.     As a direct and proximate result of Sovana's breaches of duty, a fire occurred at the Restaurant and subsequently spread thereby causing extensive damage to the business and property of Willowdale in an amount in excess of local arbitration limits.

51.     The aforesaid acts and/or omissions of Sovana were the foreseeable, proximate, and actual or substantial causes of the damages sustained by Plaintiff and Willowdale.

52.     In accordance with the terms and conditions of its insurance policy issued to Willowdale, Westfield has made payments to or on behalf of Willowdale in an amount in excess of local arbitration limits.

53.     By virtue of the payments made by Westfield to or on behalf of Willowdale, and in accordance with the terms of the Policy, Westfield is now legally and contractually subrogated to Plaintiff's Insured's rights as against Remo.

WHEREFORE, Plaintiff, Westfield Insurance Company, demands judgment in its favor and against Defendant, Sovana Bistro, Inc., for damages in excess of local arbitration limits, together with costs of suit, damages for delay pursuant to Pa.R.C.P. 238 and all other damages and relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III
## NEGLIGENCE-
## PLAINTIFF v. FARRELL SOVANA, INC.

54.     Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

55.     Farrell had a duty to operate and maintain the Restaurant and utilize its space inside the Building in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

Case ID: 201200326

56.     Farrell had a duty to operate and maintain the Restaurant, inclusive of its Cooking Equipment and Suppression System, in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

57.     Farrell had a common law and statutory duty to inspect, test, maintain and service the Suppression System pursuant to NFPA 17A and NFPA 96.

58.     Farrell had a duty to operate and maintain the Restaurant in a manner consistent with the standards of care within the restaurant industry.

59.     Farrell had a duty to operate or utilize the Grill in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

60.     Farrell had a duty to exercise reasonable care in connection with its training of its employees, agents, or other individuals acting on its behalf, to ensure that ovens, grills and similar cooking appliances, are turned off before leaving the Restaurant unattended.

61.     Farrell, individually and by and through any separate and respective agents, servants, workmen, employees, and/or contractors, was careless and/or negligent in:

   a) Failing to operate its business inside the Building in a reasonable and safe manner;

   b) Failing to operate the Restaurant or ensure that the Restaurant operated in a reasonable and safe manner;

   c) Failing to operate the Restaurant in accordance with industry standards;

   d) Operating the Restaurant in such a manner that created a hazard to Willowdale and other similarly situated persons;

   e) Failing to inspect, test, maintain  and service the Suppression System in a reasonable manner and in accordance with industry standards;

   f) Failing to inspect, test, and maintain the Suppression System pursuant to statutory requirements and NFPA 17A and NFPA 96;

   g) Failing to ensure that the Suppression System was cleaned and serviced in a reasonable manner and in accordance with industry standards;

12

h) Failing to ensure that the nozzles of the Suppression System, including but not limited to the nozzles protecting the area where the Grill was located, were in proper position and able to suppress an incipient fire originating on or near the Grill;

i) Moving and/or repositioning the nozzles of the Suppression System, including but not limited to the nozzles protecting the area where the Grill was located, such that the nozzles were not in proper position to suppress an incipient fire originating on or near the Grill;

j) Failing to ensure that the Grill was turned off prior to leaving the Restaurant unattended;

k) Failing to turn the operational knob to the Grill to the "off" position before leaving the Restaurant;

l) Failing to properly clean and maintain the Cooking Equipment, including the Grill, to prevent the build-up of grease;

m) Failing to properly instruct and train its employees or agents regarding the need to clean, inspect and maintain the Suppression System and Cooking Equipment;

n) Failing to properly instruct and train its employees or agents regarding proper restaurant closing procedures; and

o) Failing to operate the Restaurant or utilize space in the Building in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

62.    The acts and omissions of actions described in the preceding paragraphs were committed by Farrell and its duly authorized agents, servants and employees, acting within the course and scope of their agency and/or employment.

63.    As a direct and proximate result of Farrell's breaches of duty, a fire occurred at the Restaurant and subsequently spread thereby causing extensive damage to the business and property of Willowdale in an amount in excess of local arbitration limits.

64.    The aforesaid acts and/or omissions of Farrell were the foreseeable, proximate, and actual or substantial causes of the damages sustained by Plaintiff and Willowdale.

Case ID: 201200326

65.    In accordance with the terms and conditions of its insurance policy issued to Willowdale, Westfield has made payments to or on behalf of Willowdale in an amount in excess of local arbitration limits.

66.    By virtue of the payments made by Westfield to or on behalf of Willowdale and in accordance with the terms of the Policy, Westfield is now legally and contractually subrogated to Plaintiff's Insured's rights as against Remo.

WHEREFORE, Plaintiff, Westfield Insurance Company, demands judgment in its favor and against Defendant, Farrell Sovana, Inc., for damages in excess of local arbitration limits, together with costs of suit, damages for delay pursuant to Pa.R.C.P. 238 and all other damages and relief as this Honorable Court deems just and proper under the circumstances.

Respectfully Submitted,

LAW OFFICES OF ROBERT A. STUTMAN, P.C.

Date: 12/9/20            By: *Daniel Hogan /s/*
Daniel Hogan, Esq. (ID No. 84855)
Jonathan B. Acklen, Esq. (ID No. 93302)
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
215-283-1177 (Phone)
215-283-1188 (Fax)
hogand@stutmanlaw.com
acklenj@stutmanlaw.com
*Attorney for Plaintiff*

14

Case ID: 201200326

## **VERIFICATION**

Jeremy J. Wagner, SCLA hereby states, I am a representative of Westfield Insurance Company, and I hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that the statements in the foregoing pleading are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 12/9/2020

_____
Jeremy J. Wagner, SCLA

Case ID: 201200326